KEITH H. RUTMAN, CSB #144175
Attorney at Law
501 West Broadway, Ste. 1650
San Diego, California 92101-3541
Telephone: (619) 237-9072
Facsimile: (760) 454-4372
email: krutman@krutmanlaw.com

Attorney for Defendant
OSCAR LEE BETANCOURT

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA
(Hon. Cynthia A. Bashant)

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 16-CR-2871-BAS |
| Plaintiff, | SENTENCING MEMORANDUM |
| v. | |
| OSCAR LEE BETANCOURT, | DATE: 12/4/17 @ 9:00 a.m. |
| Defendant. | |

TO PLAINTIFF UNITED STATES OF AMERICA, BY AND THROUGH ITS ATTORNEYS OF RECORD

Defendant OSCAR LEE BETANCOURT, by and through his attorney of record, hereby submits his Sentencing Memorandum and Request for Departure in anticipation of his upcoming sentencing hearing.

For the reasons set forth herein, Mr. BETANCOURT requests that the Court sentence him to a 46 month sentence followed by 5 years supervised release, no fine and a $100 Penalty Assessment.

## INTRODUCTION

OSCAR LEE BETANCOURT is a 42 year old divorced father of 3 children with a great job that, but for his felony conviction, has great potential for advancement. He has tremendous family support as well as his employer (who is a surety on his bond)While he has been arrested for a prior drug trafficking offense (PSR pp 10), he was not charged or sent to jail, much less prison. In essense, he woud describe his role as "the connect." He knows people and introduces them. He made no money off any

of these transactions, although had been promised by his co-defendant that he would be compensated an unspecified amount.

At the oputset, Mr. BETANCOURT recognizes and appreicates both Probation and the Government's acknowledgement that the advisory Sentencing Guidelines are high and that each recommends a variance for various reasons.

**1.    SENTENCING MEMORANDUM**

As there are no ex post facto issues, the November 1, 2016 version of the Sentencing Guidelines is applicable to the instant offense.  §1B1.11(a) "The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced." U.S. v. Guzman-Bruno, 27 F.3d 420, 422 (9th Cir. 1994).

The Court should apply the Guidelines analysis set forth in Mr. BETANCOURT's Sentencing Summary Chart and sentence him accordingly.

**A Minor Role Adjustment Is Appropriate**

Mr. BETANCOURT recognizes that a downward adjustment for a courier is not automatic, but "is inherently fact-bound and largely committed to the discretion of the trial judge." United States v. Caballero, 936 F.2d 1292, 1299 (D.C. Cir. 1991).

In U.S. v. Hurtado, 760 F.3d 1065 (9th Cir. 2014), the Court stated:

> A minor participant is "substantially less culpable than the average participant." (Citation) The guidelines recognize that, in some circumstances, a courier may play a minor role, but we have already held that simply being a courier does not automatically entitle a defendant to the minor role adjustment. (Citations)
>
> . . . The district court also properly considered the facts of the crime and the totality of the circumstances. (Citation) It properly considered the quantity of drugs, the amount paid to Hurtado, and the fact that he allowed the truck to be registered in his name. Any of these facts alone may justify denial of a minor role. (Citations)
>
> This is not to say that some other courier in some other case might not be eligible for a minor role adjustment. . . .

United States v. Hurtado, supra, at 1068-1069.

"When a district court conducts an assessment of whether a defendant should receive a role reduction, the defendant is to be compared with the other participants in

the crime, not with a hypothetical average participant. U.S. v. Quintero-Leyva, 823 F.3d 519, 523 (9th Cir. 2016).

In this instance, while the quantity of drugs was significant, Mr. BETANCOURT was simply the "connection."

**2.  REQUEST FOR DEPARTURE(S)/VARIANCES**

**Totality Of The Circumstances**

In U.S. v. Cook, 938 F.2d 149 (9th Cir. 1991), the Ninth Circuit held that "a unique combination of factors may constitute the `circumstance' that mitigates."  See also U.S. v. Lam, 20 F.3d 999, 1003-5 (9th Cir. 1994)

see U.S. v. Williams, 65 F.3d 301, 309-310 (2d Cir. 1995) ("we wish to emphasize that the Sentencing Guidelines do not displace the traditional role of the district court in bringing compassion and common sense to the sentencing process . . . In areas where the Sentencing Commission has not spoken . . . district courts should not hesitate to use their discretion in devising sentences that provide individualized justice"); U.S. v. Jones,  460 F.3d 191 (2nd Cir. 2006) (where defendant convicted of felon in possession and possession of firearm and guidelines were 36 months, district court properly imposed non-guideline sentence of 15 months when he considered his own sense of was fair and just.  "Although the sentencing judge is obliged to consider all of the sentencing factors outlined in § 3553(a), the judge is not prohibited from including in that consideration the judge's own sense of what is a fair and just sentence "under all the circumstances. That is the historic role of sentencing judges and it may continue to be exercised, subject to the reviewing court's ultimate authority to reject any sentence that exceeds the bounds of reasonableness.")

In this case, even if the Court were to determine that no one circumstance, by itself, justifies a departure, the Court should still grant a departure when considering them in combination.

**Expeditious Resolution**

Mr. BETANCOURT requests a departure (or variance) for expedition resolution

of his case, as he is not eligible for a fast track departure.  see U.S. v. Dethlefs, 123 F.3d 39 (1st Cir. 1997) ("in theory, the court had authority to depart for conduct (i.e., the timely guilty pleas) which conserved judicial resources and thereby facilitated the administration of justice")

**Excellent Employment Record**

see U.S. v. Thompson, 74 F.Supp.2d 69 (D.Mass. 1999) (departure from 87 to 60 months in drug case-setting out framework for determining when employment history and family ties warrant downward departure as extraordinary – here "not only did defendant exhibit a sustained commitment to his family dating back to the instant he became a father, he consistently worked to provide for them"), reversed 234 F.3d 74 (1st Cir. 2000) (district court erred in limiting its inquiry to cases involving crack cocaine dealers and then asking whether defendant's record stood apart from the rest); U.S. v. Jones, 158 F.3d 492 (10th Cir. 1998) (where defendant pled guilty to possession of a firearm by a prohibited person, the district court did not abuse its discretion in departing downward by three levels when, as one of eleven factors, it considered the defendant's "long impressive work history ...where good jobs are scarce." Even though under §5H1.5 ordinarily a discouraged basis, here unusual); U.S. v. Higgins, 967 F.2d 841 (3d Cir. 1992) (young age and stable employment will justify a downward departure if "extraordinary"; remanded to see if judge realized he had power); U.S. v. Alba, 933 F.2d 1117 (2d Cir. 1991) (long-standing employment at two jobs); U.S. v. Jagmohan, 909 F.2d 61 (2d Cir. 1990) (exceptional employment history and nature of the crime); U.S. v. Big Crow, 898 F.2d 1326, 1331-32 (8th Cir. 1990) (excellent employment record); U.S. v. Ragan, 952 F.2d 1049 (8th Cir. 1992) (defendant stopped using drugs a year before his indictment, maintained steady employment, and offered to cooperate[1]-departure affirmed where government did not

---

[1] See also U.S. v. Tenzer, 213 F.3d 34 (2d Cir. 2000); U.S. v. Jaber, 362 F.Supp.2d 365 (D. Mass. 2005)

object at sentencing).

**Overrepresentative Criminal History**[2]

In this circumstance, the Court should find applicable the downward departure authorized in § 4A1.3(b), since his "criminal history category substantially over-represents the seriousness of the defendant's criminal history." The fact that Mr. Betancourt is 42 is relevant to his risk of recidivism because "[r]ecidivism rates decline relatively consistently as age increases." Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines, United States Sentencing Commission (2004) at 12, (online at: http://www.ussc.gov/publicat/Recidivism_General.pdf). In fact, defendants "over the age of forty . . . exhibit markedly lower rates of recidivism in comparison to younger defendants." United States v. Carvajal, 2005 WL 476125 (S.D.N.Y. 20005) (citing the Measuring Recidivism report). Mr. Betancourt's first offense occured at age 39, and was an infracton. His second, and only other was aa DUI the following year.

**5K2.20. Aberrant Behavior**

> (b) The court may depart downward under this policy statement only if the defendant committed a single criminal occurrence or single criminal transaction that (1) was committed without significant planning; (2) was of limited duration; and (3) represents a marked deviation by the defendant from an otherwise law-abiding life.

An aberrant behavior departure is prohibited under subsection (c), if, inter alia, "(3) The instant offense of conviction is a serious drug trafficking offense." A "serious drug trafficking offense" means any controlled substance offense under title 21 that provides for a mandatory minimum sentence of five years or more, regardless of whether the defendant is safety valve eligible. Mr. BETANCOURT submits this offense is not a "serious drug trafficking offense" because he is not subject to a

---

[2] As the Court knows, his placement in Category II rendered him ineligible for safety valve, for which he would have easily quilified.

minimum mandatory sentence.

Under 5K2.20(b), the Court may depart downward "only if the defendant committed a single criminal occurrence or single criminal transaction that (1) was committed without significant planning; (2) was of limited duration; and (3) represents a marked deviation by the defendant from an otherwise law-abiding life."

See United States v. Lam, 20 F.3d 999, 1003 (9th Cir. 1994) (discussing cases). When departing for aberrant behavior, the district court may consider the singularity or spontaneity of the accused's conduct, and any surrounding extenuating circumstances. United States v. Green, 105 F.3d 1321, 1323 (9th Cir. 1997)("An aberrant behavior departure focuses "on a defendant's motivations and any surrounding extenuating circumstances."). The Ninth Circuit has "not required that the behavior be a single spontaneous or thoughtless act involving no planning," but it has "to some extent relied on the concept of 'singularity or spontaneity.'" Id. Furthermore, the Ninth Circuit has approved of aberrant behavior departures of up to "5 levels." Id.

Mr. BETANCOURT's actions in this case constitute aberrant behavior for which a downward departure is warranted. While the "absence of criminal history is not synonymous with aberrant behavior," id., Mr. BETANCOURT's record should, initially, be noted. He did not undertake any extensive planning beyondd a series of telephone calls. For these reasons, an aberrant behavior departure is warranted.

No evidence demonstrates that he played a continuing role in any on-going scheme to traffic narcotics. His involvement in this case appears to stem from his singular relationship with his co-defendant.

**CONCLUSION**

This is a tough case. A substantial quantity of drugs were involved. A message needs to be sent. On the other hand, Mr. BETANCOURT is not the proper messenger. He is a good, hardworking family who went through a tough time during his divorce and made a horrible mistake. He regrets it, and punishes himself, every day.

The primary mandate of § 3553(a) requires the Court to impose a sentence

"sufficient, but not greater than necessary," to comply with the four purposes of sentencing in 3553(a)(2): retribution, deterrence, incapacitation, and rehabilitation. This primary mandate sets an independent limit on the sentence the Court may impose. See <u>U.S. v. Denardi</u>, 892 F.2d 269, 276-77 (3d Cir. 1989)   "Consideration of the § 3553(a) factors is not a cut-and-dried process of fact-finding and calculation; instead, a district judge must contemplate the interplay among the many facts in the record and the statutory guideposts."  <u>U.S. v. Fernandez</u>, 443 F.3d 19, 29 (2nd Cir. 2006).

In light of the factors outlined in § 3553(a), including the nature and circumstances of the offense and the character of Mr. BETANCOURT, he requests that the Court sentence him to a 46 month sentence followed by 5 years supervised release, no fine and a $100 Penalty Assessment.

A self surrender date is requested.

Such a sentence reflects the seriousness of the offense while at the same time accounts for his individual circumstances.

Respectfully Submitted,

Dated: November 29, 2017

s/ Keith H. Rutman
KEITH H. RUTMAN
Attorney for Defendant
OSCAR LEE BETANCOURT
Email: krutman@krutmanlaw.com

**CERTIFICATE OF SERVICE**

I certify that on November 29, 2017 I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Southern District of California, using the electronic case filing (ECF) system of the Court, and thereby served it on all counsel of record in this case.

Dated: November 29, 2017

s/ Keith H. Rutman
KEITH H. RUTMAN
Attorney for Defendant
OSCAR LEE BETANCOURT
Email:  krutman@krutmanlaw.com